**Freddy Alexander Arce GARCIA,
Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

No. 13–72827.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Ian Silverberg, Esquire, Law Offices of Ian Silverberg, Reno, NV, for Petitioner.

OIL, Arthur Leonid Rabin, Trial, Ann M. Welhaf, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Freddy Alexander Arce Garcia, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and we remand.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

In denying Arce Garcia's withholding of removal claim, the agency found he failed to establish past persecution or a fear of future persecution on account of a protected ground. The BIA did not discuss the impact, if any, of this court's recent decision in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc). Further, when the IJ and BIA issued their decisions, they did not have the benefit of this court's decisions in *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Arce Garcia's withholding of removal claim to determine the impact, if any, of these decisions. See *INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.